SCHRENKER ET AL. *v.* METHODIST HOSPITAL OF INDIANA, INC.

[No. 667-A13. Filed February 16, 1968. Rehearing denied March 19, 1968. Transfer denied May 14, 1968.]

*Paul E. Schrenker*, of Anderson, and *Marie T. Lauck*, of Indianapolis, for appellant.

*Howard J. DeTrude, Jr., Mark W. Gray*, and *Kightlinger Young Gray & Hudson*, of Indianapolis, of counsel, for appellee.

BIERLY, J.—Appellee, Methodist Hospital of Indiana, Inc., filed a claim against the Estate of Phyllis Schrenker Taylor, for services to decedent while a patient in Methodist Hospital, in the sum of $2,648.08, which account was unpaid. The action was placed at issue by operation of law since no answer was required or filed. Appellant contended that the claim was barred since it was not filed within six months from the date of the first publication of notice to creditors.

Trial was to the Probate Court of Marion County, the Honorable Victor S. Pfau, Special Judge, presiding.

Evidence having been submitted and examined, the court rendered a finding and judgment in favor of appellee in the amount of $2,648.08, and costs.

The complete findings and judgment of the court, omitting formal parts, read as follows:

"Comes now the Claimant, Methodist Hospital of Indiana, Inc., by Mark W. Gray, its attorney, and comes now Paul E. Schrenker, Co-Administrator of the above Estate, in person and by Marie T. Lauck, his counsel, and the Court having examined the stipulation of facts presented by the parties and the supplemental stipulation presented by the Estate and having examined the briefs and memoranda filed by the parties, now finds:

"1. That the Decedent, Phyllis Schrenker Taylor, was indebted to the Methodist Hospital of Indiana, Inc., at the time of her death in the sum of Two Thousand Six Hundred Forty-Eight Dollars and Eight Cents ($2,648.08).

"2. That said Decedent died on the 28th day of January, 1963, and that an estate was opened for her and a special administrator appointed and first publication of notice of such appointment made by the Clerk of Madison County on the 2nd day of February, 1963.

"3. That on the 29th day of January, 1963, petition for the probate of the Will of the Decedent was filed in this Court, and said matter was held in abeyance and no administrator appointed and no notice given by the clerk of this Court.

"4. That on the 7th day of April, 1965, all of the papers in the Madison County proceedings were transferred to this Court by virtue of a judgment of the Delaware Circuit Court, which judgment determined that the Decedent was a resident of Marion County, Indiana, and domiciled there on the date of her death, and that the proper county for the administration of her estate was Marion County, Indiana. Thereupon the Marion Probate Court permitted the probate of the Will of the Decedent and appointed the co-executors who now serve, but that no notice was ever given by publication by the Clerk of such appointment.

"5. That the Claimant filed its claim in the office of the Clerk of the Marion Probate Court on the 5th day of August, 1965, in the amount of Two Thousand Six Hundred Forty-Eight Dollars and Eight Cents ($2,648.08), which

claim was for medical services furnished to the Decedent prior to her death.

"6. That thereafter the co-executors denied said claim and the same was placed upon the trial calendar of this Court, and that on or about the 18th day of October, 1966, the Court heard the parties and thereafter received the stipulation of the parties as to the facts and the memoranda of the parties on the law.

"7. That the claim of the Claimant, Methodist Hospital of Indiana, Inc., in the amount of Two Thousand Six Hundred Forty-Eight Dollars and Eight Cents ($2,648.08), was timely filed in accordance with the Statutes of the State of Indiana and is fully due and payable, and that the executors appointed by this Court should be ordered and directed to pay the same from the assets in their hands as such co-executors.

"IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the co-executors of the Estate of Phyllis Schrenker Taylor, Deceased, be and they are hereby ordered to pay to the Methodist Hospital of Indiana, Inc., the sum of Two Thousand Six Hundred Forty-Eight Dollars and Eight Cents ($2,648.08) in full payment of their claim herein, and such costs as may be taxed shall be taxed against the Estate.

"DATED: December 15, 1966. Tr. P. 6 and 7."

Appellant filed a motion for a new trial, which was over-ruled.

On appeal, appellant's sole assignment of error alleges that: "The court erred in overruling appellant's motion for a new trial."

Appellant's decedent, Phyllis Schrenker Taylor, was deceased on the 25th day of January, 1963, a resident of Marion County, Indiana.

On January 28, 1963, a petition for the opening of decedent's estate and for the appointment of a special administrator thereof was filed in the Madison Superior Court of Madison County. The court appointed the Anderson Banking Company as Special Administrator. The first publication of notice to creditors was dated February 2, 1963.

On the 29th day of January, 1963, a petition for the probate of the Will of the decedent, Phyllis Schrenker, was filed in the Probate Court of Marion County. Objections to the probate of said Will were also filed. The court refused to act on said petition, hence no appointment of a personal representative was made, but further action was held in abeyance "except in the county where first commenced until final determination of the venue by the court in the county where first commenced. . . ." Burns' 7-101(b).

The Madison Superior Court, on November 24, 1964, ordered:

"The Clerk of the Court to transfer the entire Estate file to the Clerk of the Marion Probate Court pursuant to judgment and order of the Delaware Circuit Court in cause No. P63-108, *together with a complete file on said estate after making and retaining copies thereof*" (emphasis supplied). Burns' 7-101(b).

On July 20, 1965, Paul E. Schrenker and Harold Taylor were appointed Co-Administrators with Will annexed at the time the Probate Court of Marion County admitted the last Will of the decedent to probate.

All the evidence before the court was submitted by way of an agreed stipulation entered into by and between the parties on the 18th day of October, 1966. We think it advisable for a lucid presentation of the case at bar to set forth the agreed stipulation in toto, omitting caption and signatures, to wit:

"STIPULATION

"Claim of Methodist Hospital, No. 40705.
"Appearances:
   "Co-Administrator,
   "Paul E. Schrenker of Anderson, Indiana and Marie T. Lauck of Indianapolis, for Estate.
   "Mark Gray for Claimant, Methodist Hospital
   "The Honorable Victor S. Pfau, Judge of the Probate Court of Marion County, Indiana, presiding.

"The parties now enter the following Stipulation, this 18th day of October, 1966:

"IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES:

"That the decedent was a patient in the Methodist Hospital on or about July 7, 1962, until August 2, 1962, under the name of Phyllis Schrenker and that there is outstanding a charge by Methodist Hospital for services at that time of $1,058.84. That thereafter, on or about the 8th day of January, 1963, the decedent, under the name of Phyllis Schrenker Taylor, was a patient at the Methodist Hospital and that her services amounted to $1589.24 and continued until her death on the 25th day of January, 1963, and that both of these amounts are, at this time, unpaid.

"That on January 28, 1963, a petition for the opening of an estate and the appointment of a special administrator was had in the Madison Superior Court, wherein the Anderson Banking Company was appointed special administrator of the estate of Phyllis Taylor aka Phyllis Schrenker; that the first publication of notice of appointment was February 2, 1963, which notice set out that claims must be filed within six months from the date of the first publication.

"That on or about August 1, 1963, Methodist Hospital tendered its claim by mail to the Clerk of the Madison Superior Court and the same was refused by said clerk, with a notation 'Enclosed find your claim forms to be certified by an attorney and also a charge of $10.00 for filing claim. I am holding statements until I hear from you. Signed: Probate Clerk, Ruth (Dunham).'

"That on January 29, 1963, a petition for probate of will and formal objections thereto were filed in the Probate Court of Marion County, Indiana, in the matter of Phyllis Schrenker Taylor in Estate Docket 63, Page 162, and that no appointment was then made and the matter was held in abeyance.

"That on July 30, 1963, Methodist Hospital filed a claim in the said estate, but that no notice of appointment nor any appointment in said estate had been made by the Probate Court of Marion County, at said time.

"That on November 24, 1964, the Madison Superior Court ordered the Clerk of the Court to transfer the entire estate file to the Clerk of the Marion Probate Court, pursuant to judgment and order of the Delaware Circuit Court in

Cause No. P63-108, together with a complete file on said estate, after making and retaining copies thereof.

"That the Co-Administrators, Paul E. Schrenker and Harold Taylor, were duly appointed as Co-Administrators CTA upon the probate of the Will of the decedent in the Probate Court of Marion County, now serving as such Co-Administrators CTA.

"That Paul Schrenker as Administrator CTA on March 14, 1966, filed in this Court a formal allowance of the claim of the Methodist Hospital, giving as reason therefor that the same was not filed within six months from the date the estate was opened, towit: January 28, 1963, in the Superior Court of Madison County, Indiana, which date the Administrator, now in open court, corrects by amendment of this disallowance to read February 2, 1963, being the first date of notice of appointment.

"IT IS FURTHER STIPULATED:

"That a properly executed claim form was sent to the Clerk of the Madison Superior Court by letter dated July 30, 1963, showing claim filed in the sum of $1589.24.

"IT IS FURTHER STIPULATED:

"That the claims filed in both counties were in the amount of $1589.24, being the expenses of last illness, and that thereafter, on August 26, 1965, the Methodist Hospital filed a second and subsequent claim which included expenses of last illness and also included expenses of prior confinement of 1962 in the amount of $1058.84, or a total of $2,648.08.

"That on September 22, 1965, the Anderson Banking Company, as Special Administrator, published notice to the Clerk of Marion County of the filing of its final report of the former special administrator, but that no notice of appointment of the present Co-Administrator CTA, appointment pursuant to the Will, was ever published in Marion County or elsewhere and that no notice of appointment of the original special administrator was published in Marion County, said publication having been in Madison County.

"That pursuant to letter sent to the Madison Superior Court, dated July 30, 1963, it shows filing of claim in the Superior Court of Madison County, and copy was sent to Bowen Myers Northam & Givan, of Indianapolis, who were the attorneys of Mrs. Schrenker.

"That the Will, as probated, contains a specific direction that the executors, referred to in the Will, pay the expenses of last illness of Phyllis Schrenker Taylor, and likewise, the Administrators CTA have filed a petition in this court to mortgage certain real estate for the purpose of paying the expenses of last illness, along with other expenses set out in their petition.

"Which above Stipulations are now entered into between the parties in open court and submitted as the entire evidence in the matter of the claim of Methodist Hospital."

In the court's findings and judgment, mention is made of a petition filed by the appellant to amend the agreed stipulation. The court approved said petition to amend and while appellee offered no objection to the court's order of approval, nevertheless, in signing the order appellee questioned the validity of the provision of the order. Inasmuch as this amendment to the stipulation was neither questioned nor set forth in either brief, we shall not consider this contention of the appellee. See Rule 2-6, 2-17. *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 535, 150 N. E. 2d 883.

The evidence, as recited in the stipulation of facts, shows that the decedent was a patient in the Methodist Hospital of Indiana, Inc., on two occasions. The first from about July 17, 1962, to August 6, 1962, under the name of Phyllis Schrenker. The second period was from about January 8, 1963, to January 25, 1963, and decedent was registered as Phyllis Schrenker Taylor. The hospital charge for the first period was $1,058.84, and for the second period, the sum of $1,589.24. It was stipulated that both accounts are unpaid. The total amount of $2,648.08 constituted the total claim by appellee.

Appellee tendered its claim by mail to the Clerk of the Madison Superior Court on August 1, 1963; this was 156 days from first publication of notice to creditors. This claim was refused by the clerk, with the following notation:

"Enclosed find your claim forms to be *certified by an attorney and also a charge of $10.00 for filing claim.* I am

holding statement until I hear from you. Signed, Probate Clerk Ruth (Dunham)" (emphasis supplied).

Assuming arguendo that the appointment of the Anderson Banking Company as Special Administrator, was a legal appointment made by the Madison Superior Court, and that the publication of the first notice to creditors on February 2, 1963, was a legal notice, the claim of the Methodist Hospital was timely filed on August 1, 1963, which was 157 days from the first publication of notice to creditors, thereby being within the six month statutory requirement.

We find nothing in the statute authorizing a deviation from the provisions of the statute by a trial court. Section 7-802 Burns' Ind. Stat. Anno. (1967 Cum. Supp.) is the statute relating to filing claims against an estate. Said section, in part, reads as follows:

". . . (T)he statement shall set forth all credits and deductions to which the estate is entitled and shall be accompanied by the affidavit of the *claimant, his agent* or attorney, that the claim, after deducting all credits, set-offs and deductions to which the estate is entitled, is justly due and wholly unpaid, or if not yet due, when it will or may become due and no claim shall be received unless accompanied by such affidavit. . . ." (emphasis supplied).

We do not pretend to hold that trial courts have no authority to set up rules and procedure regulating the practice of law in their courts, but we do hold that such rules of procedure must not contravene and be at variance with statutory law, nor applicable case law.

We further question the legality of the appointment of the Anderson Banking Company as Special Administrator of said estate by the Madison Superior Court.

Burns' 7-415 specifies the conditions under which an appointment of a Special Administrator by a court may be made, to wit: if;

"(a) From any cause delay is necessarily occasioned in granting letters, or

"(b) Before the expiration of the time allowed by law for issuing letters, any *competent person* shall file his affidavit with the clerk that *anyone is intermeddling with the estate* or that there is no one having *authority to take care of the same,* or

"(c) If any person shall have died testate and objections to the probate of his will shall have been filed as provided by law.

"The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment. . . ." (emphasis supplied).

The record is devoid of proof as to compliance with the law as above stated, in the appointment of the Anderson Banking Company as the Special Administrator of decedent's estate. Further, since the Special Representative was appointed within four days following the demise of the decedent, and one day prior to the filing of the petition in the Marion Probate Court to offer the Will of the decedent to probate, and objections to probate filed at the same time, the subsection (c) quoted above could not qualify the appointment of the Anderson Banking Company as Special Administrator of said estate.

We have no alternative but to conclude that the appointment of a Special Administrator in said estate by the Madison Superior Court was improper under the law.

The evidence shows that the publication of the first notice of the appointment of the Anderson Banking Company by the Madison Superior Court was February 2, 1963. We question the validity and legality of this notice. The record fails to disclose any evidence of a legal notice of appointment and proof of publication of notice. The stipulation merely states that the Anderson Banking Company was appointed Special Administrator and that the first publication of notice to

creditors was on February 2, 1963, and that claims must be filed within six months from said date. The stipulation neither records the wording of the content thereof nor the form of the proof of publication of said notice.

As heretofore stated, Paul E. Schrenker and Harold Taylor were appointed by the Probate Court of Marion County as Co-Administrators on the 20th day of July, 1965. No publication of their appointment was made, nor a notice given to credits. The Methodist Hospital filed a claim in Probate Court of Marion County on August 26, 1965, which was 37 days after the appointment of the Co-Administrator and was timely filed.

Appellants' failure to cause a publication of notice to creditors by the Probate Court of Marion County could not legally prevent said Hospital from filing a valid claim.

Appellants at no time questioned that decedent did not receive services at the hospital at times designated. Nor was the charge for services alleged to be other than just. Furthermore, appellants did not deny that the claim was unpaid.

We conclude that the claim of appellee as claimant was timely filed and the court committed no error in overruling appellants' amended motion for a new trial.

We are of the opinion that the judgment should be affirmed.

Finding no reversible error, the judgment of the court is hereby affirmed.

Cook, P. J., concurs in result.

Pfaff and Smith, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 791.