## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* NEWKIRK.

[No. 6,748. Filed February 3, 1911. Rehearing denied June 30, 1911.]

1. APPEAL.—*Briefs.—Waiver.—Dismissal.*—Where appellant's brief fails to show how the issues in a case were decided, what the judgment was, what were the alleged errors, and separately-numbered points, and authorities to support them, no question is presented; and the appeal should be dismissed. pp. 349, 350.
2. APPEAL.—*Briefs.—Requisites.*—Briefs should be so prepared that all questions presented by the assignments of errors can be determined without examining the record. p. 350.
3. APPEAL.—*Rules.—Courts.*—The rules of the courts on appeal should be uniformly enforced. p. 350.

From Lawrence Circuit Court; *S. B. Lowe,* Special Judge.

Action by James Newkirk against the Chicago, Indianapolis and Louisville Railway Company. From a judgment on a verdict for plaintiff for $350, defendant appeals. *Appeal dismissed.*

*E. C. Field, H. R. Kurrie, Brooks & Brooks* and *J. E. Henley,* for appellant.

*Rufus H. East* and *John F. Regester,* for appellee.

PER CURIAM.—This is an appeal from a judgment rendered by the Lawrence Circuit Court. Appellee asks that the appeal be dismissed, because under rule twenty-two of this court, the brief filed by appellant is insufficient to raise any question for decision.

The brief filed by the appellant fails in several particulars to comply with rule twenty-two. It does not state how the issues were decided, what the judgment or decree was, 1. or the errors relied on for reversal; nor does it give under a separate heading of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support thereof.

This court has held that a brief which fails in these respects to comply with the rules, raises no question for decision, and that the appeal in such cases should be dismissed. *Miller* v. *Collier* (1905), 35 Ind. App. 176.

It has been held by the Supreme Court of this State that briefs must be so prepared that all the questions presented by the assignment of error can be determined by this court from an examination thereof, without examining the record. *American Food Co.* v. *Halstead* (1905), 165 Ind. 633; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30; *Hall* v. *McDonald* (1908), 171 Ind. 9; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253.

In this case, the court would be required to refer to the record to ascertain what errors are relied on for reversal. There is no statement in the brief as to the errors relied on, and the assignment of error is not copied into the brief. The propositions and authorities are not arranged under separate headings of each error relied on, and there is absolutely no way to determine the errors relied on without resort to the record, except as they can be inferred from the argument or other parts of the brief.

The rules of this court cannot be enforced in one case and ignored in another. They should either be uniformly enforced, or uniformly ignored, so that the profession may not be in uncertainity as to the position of the court.

The appeal in this case is dismissed, at the cost of appellant.