HAUSER ET AL. *v*. MARKWELL.

[No. 16,867. Filed May 8, 1942.]

*J. W. Lindley,* of Sullivan, for appellants.
*Willis Hickam,* of Spencer, for appellee.

DeVoss, C. J.—Appellee, Netta B. Markwell, filed her complaint in two paragraphs against appellants Clarence E. Hauser, Hazel Hauser, and Kenneth Porter to reform a written contract for the sale of real estate, for possession thereof, and for damages for the unlawful detention thereof. To this complaint the appellants Clarence E. Hauser and Hazel Hauser entered their separate appearances and filed a plea in abatement of said cause as to them. A demurrer to the plea in abatement was sustained by the court. Thereafter, appellants filed a separate demurrer to each paragraph of the complaint, which demurrer to the first paragraph of the complaint was sustained, and overruled as to the second paragraph. Appellants filed their separate answer to the second paragraph of complaint, to which answer appellee filed her reply.

Appellants' brief does not disclose the filing of a cross-complaint by any of the appellants; however, that fact is established by the court in its conclusions of law.

There was a trial upon the issues by the court. Upon the request of the appellants, the court made a special finding of facts and stated conclusions of law thereon.

Motion for a new trial was filed by appellants, which was overruled, and this appeal followed.

Appellee herein filed her motion to dismiss this appeal, and sets out many reasons therefor, among which is the noncompliance by appellants with the requirements of Rule 2-17 of the rules of this court. One of the provisions of the above rule is as follows:

"The brief of appellant shall contain short and clear statements disclosing: . . . (c) How the issues were decided, and what the judgment or decree was;"

The only reference to the judgment rendered in this cause appearing in appellants' brief is, "and the court rendered judgment on the conclusions of law against appellant." No reference is made in the brief to pages and lines in the record where the judgment may be found. It is noted that there are three appellants in this cause, and this court is left to conjecture or to presume what the judgment was and whom the judgment was against, unless we search the record for ourselves.

It has been held many times by this court that this rule must be substantially observed in order to present any question, and that the briefs must be so prepared that all questions of error can be determined by this court from an examination of the brief without examining the record. *Mullahy v. City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563; *Johnson v. Bebout* (1915), 59 Ind. App. 159, 108 N. E. 967; *Miller v. Collier* (1905), 35 Ind. App. 176, 73 N. E. 925; *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090.

The motion to dismiss this appeal for failure of appellants to conform to the rules of this court in the prepara-

tion of their briefs was filed on November 7, 1941. Notwithstanding the fact that five months have elapsed since said time, appellants have not requested leave to amend their brief.

This court is inclined to be lenient in construing the rules so as to permit all questions raised herein to be decided on the merits, but we cannot say that under the circumstances in this case, appellants have made a good-faith effort to conform to the rules of this court.

We do not deem it necessary to discuss other reasons set out in the motion to dismiss, some of which are meritorious. We are compelled to conclude that no question is presented by reason of the fact that the appellants' brief does not disclose what the judgment was nor against which appellant said judgment was rendered.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 652.