LEWIS *v.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, ET AL.

[No. 18,182.   Filed January 17, 1952.   Rehearing denied February 28, 1952.]

*Lynnville G. Miles, Fred R. Benham* and *Edward J. Fillenwarth,* all of Indianapolis, for appellant.

*John K. Ruckelshaus, John C. O'Connor* and *Ruckelshaus, Reilly, Rhetts & O'Connor,* all of Indianapolis; *J. Albert Wall* and *Fred A. Tobin* (of counsel), both of Washington, D. C., for appellees.

ROYSE, J.—Appellant brought this action for wages against appellees. On trial to the court, at the conclusion of appellant's evidence the trial court sustained the motion of appellees for a finding in their favor. Subsequently, judgment was entered in their favor and against appellant for costs.

The errors assigned here are as follows:

"1. The trial court erred in sustained the motion of the defendants to find for the defendants, which motion was made at the conclusion of the plaintiff's evidence and before the introduction of evidence on the part of the defendants.
"2. The trial court erred in overruling appellant's motion for new trial."

The only specification in the motion for a new trial is as follows:

"1. At the conclusion of the plaintiff's evidence and before the introduction of evidence on the part of the defendants, the said defendants made a motion for the court to find for the defendants, and the court erred in sustaining the said motion of the defendants to find for them at the conclusion of plaintiff's evidence."

Appellees contend the first assignment of error presents no question. They further contend the specification in the motion for a new trial presents no question, because it is not a statutory ground for a new trial. Appellant contends that because appellees filed their petition for an extension of time in which to file their

brief, which petition asserted their brief would be on the merits, they have waived the right to present this question. Because of the conclusion we have reached, we need not decide this matter.

Appellant in his brief asserts his complaint was in seven paragraphs. He asserts each paragraph was for wages, liquidated damages, and attorney fees. He does not, under the heading "Statement of the Record," set out his complaint in whole or in substance. Nowhere in his brief does he set out or even refer to the answer of the appellees. From the brief of appellees we are informed they filed an answer in four paragraphs, the first, of denial; the second, of payment; the third, of waiver and estoppel; and the fourth, of accord and satisfaction. They did not, nor, in our opinion, were they required to set out these pleadings in their brief.

In order to fully understand and determine the questions which appellant is attempting to raise, it is essential that these pleadings, at least in substance, be set out in appellant's brief. Rule 2-17, Rules of the Supreme Court of Indiana. The purpose of this rule is to enable each judge of this court to determine from the brief of appellant the errors upon which he seeks a reversal. Only by a substantial compliance with it can this court operate efficiently. If each judge were required to search the record, the interminable delay in reaching a decision would seriously impede the administration of justice. This court is not required to search the record to reverse. *Lake Motor Freight Line, Inc.* v. *New York Central Railroad Company* (1950), 228 Ind. 371, 92 N. E. 2d 221; *Leighty et al.* v. *Renbarger* (1946), 116 Ind. App. 620, 65 N. E. 2d 637 (Transfer denied) ; *Major et al.* v. *Kaplan et al.* (1943), 113 Ind. App. 486, 48 N. E. 2d 82 (Transfer denied) ; *Hauser et al.* v. *Markwell* (1942), 111 Ind. App. 420, 41 N. E. 2d 652.

Conceding that because appellees petitioned for and received an extension of time to file their answer brief they waived their right to raise this question (they did not raise it in this case), such action cannot deprive this court of its right and duty to require at least a substantial compliance with the above rule.

While we prefer to decide cases on their merits, we cannot do so when no question is presented by appellant's brief.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 2d 922.