238 Ind. 532 (1958)
150 N.E.2d 883
BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA
v.
BOWMAN.
No. 29,536.
Supreme Court of Indiana.
Filed June 9, 1958.
Rehearing denied October 15, 1958.
*533 George N. Craig, John K. Ruckelshaus, John C. O'Connor, Donald N. Mosiman, and Craig, Ruckelshaus, Reilly & O'Connor, all of Indianapolis, for appellant.
Wilson S. Daily, John H. Daily, Daily & Daily, and Clinton H. Givan, all of Indianapolis, for appellee.
PER CURIAM.
Appellant's original brief fails to contain a copy of the assignment of errors or any specification thereof. Nor does it state the substance of any assignment so that it could be held there was a substantial compliance with the rules on appellate procedure.
These rules are based upon experience, and are designed to expedite the disposition of appeals, as well as lessen costs and expenses for the parties. The rules do not require the record on appeal be printed so that each Judge may have a copy. Appellant's original brief is required to be prepared in such manner that a printed copy of the record for each Judge will be unnecessary for him to be properly advised on each matter involved in the appeal. The rules in general do provide that appellant's original brief present his assertions of errors, and so much of the record as may be involved in the determination of the issues he presents on appeal. Each Judge is entitled to be so advised from this brief, and he is not required to examine the record for this information. Hauser v. Markwell (1942), 111 Ind. App. 420, 422, *534 41 N.E.2d 652; Barker, Gdn. v. Central Bldg. & Loan Assn. (1932), 94 Ind. App. 661, 663, 182 N.E. 90; Chicago, etc. R. Co. v. Newkirk (1911), 48 Ind. App. 349, 350, 93 N.E. 860; 2 Ind. Law Enc., p. 239, § 383.
"There shall be attached to the front of the transcript, immediately following the index, a specific assignment of errors relied upon by the appellant...." Rule 2-6. By virtue of the rule the assignment of errors becomes a part of the transcript and record on appeal.
"The brief of appellant shall contain short and clear statements disclosing:
"(a) .... . .
"(b) .... . .
"(c) .... . .
"(d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript....
"(e) The brief shall contain under the heading `Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon  except the ruling on a motion for new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, ..." Rule 2-17.
In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the "Concise Statement of the Record" under Rule 2-17 (d). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record, which the rules seek to avoid. When there has been *535 such an omission, the judgment will be affirmed. Hughes v. State Bank of W. Terre Haute (1954), 124 Ind. App. 511, 512, 117 N.E.2d 563; Williams v. Williams (1953), 123 Ind. App. 495, 112 N.E.2d 405; Witte v. Witte (1953), 123 Ind. App. 644, 646, 113 N.E.2d 166; Branson v. Branson (1935), 100 Ind. App. 81, 193 N.E. 686; McBride v. State ex rel. McKinley (1933), 97 Ind. App. 305, 186 N.E. 388.
Judgment affirmed.
NOTE.  Reported in 150 N.E.2d 883.