ALLISON *v.* STATE OF INDIANA ET AL.

[No. 29,585. Filed March 26, 1959. Rehearing denied May 28, 1959. Petition to stay execution pending appeal to U. S. Supreme Court dismissed June 10, 1959.]

*Kivett & Kivett, C. K. McCormack,* and *Alembert W. Brayton,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant was convicted of contempt of court by the Magistrate's Court of Marion County,

Division 2, growing out of certain allegedly immoral and threatening remarks made by appellant toward the judge of said magistrate's court which had previously convicted appellant of reckless driving and imposed fine and imprisonment.

Appellees have filed motion to dismiss the appeal asserting the Supreme Court does not have jurisdiction to review an appeal directly to this Court from the Magistrate Court of Marion County, but that appellant should have appealed from such Magistrate Court to the Circuit or Criminal Court of Marion County.

From an examination of appellant's original brief nowhere does there appear any statement under the heading "Jurisdiction of the Supreme Court" of appellant's reasons why the Supreme Court has jurisdiction of the direct appeal attempted from the Magistrate's Court to this Court, nor has appellant at any time herein attempted to amend such brief to correct the deficiency.

Rule 2-17A of this Court provides:

"When a direct appeal (other than in criminal actions) is taken to the Supreme Court, the appellant in his brief under a heading 'Jurisdiction of the Supreme Court', immediately following the section entitled 'Nature of the Action', *shall state* his reasons briefly why, in his opinion, the Supreme Court has jurisdiction of the direct appeal to that court." (Emphasis added).

This rule was adopted on October 15, 1957, and together with other rules then adopted was widely circularized to the Bench and Bar of Indiana before its effective date of January 1, 1958. Appellant's original brief, however, did not comply therewith although filed on May 20, 1958, more than four months after such effective date. Appellant concedes in the briefs he has filed that the subject con-

tempt case is not a criminal action but is rather a statutory proceeding, and we are constrained to hold that under Rule 2-17A stating:

". . . appellant in his brief under a heading 'Jurisdiction of the Supreme Court', immediately following the section entitled 'Nature of the Action', *shall state* his reasons briefly why, in his opinion, the Supreme Court has jurisdiction of the direct appeal to that court." (Emphasis added).

Appellant has waived any right he may have to a consideration of this appeal by this Court by failing to make an affirmative showing of our jurisdiction in his original brief as above required.

While this Court prefers to decide cases on their merits, it may not do so when an appellant fails to comply with the rules of this Court in the preparation of his briefs since our rules prescribing the form and contents of briefs have the force and effect of law and are binding on the courts as well as the litigants. 2 West's I. L. E., "Appeals", § 382, p. 236; *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 150 N. E. 2d 883; *Yiatros* v. *Cole* (1946), 117 Ind. App. 19, 68 N. E. 2d 657.

No showing having been made that this Court has jurisdiction of the appeal as must be set forth in appellant's original brief under Rule 2-17A, the appeal is dismissed.

Bobbitt, J., not participating.

NOTE.—Reported in 157 N. E. 2d 193.