CAPP *v.* LINDENBERG, ETC., ET AL.

[No. 30,044. Filed December 8, 1961. Rehearing denied January 23, 1962.]

424

*Fred J. Capp, Arthur H. Gemmer* and *Coleman, Gemmer & Raab,* all of Indianapolis, for appellant.

*Steers, Klee, Jay & Sullivan* and *David L. Millen,* both of Indianapolis, for appellees.

ACHOR, C. J.—This is an appeal from an action by appellant wherein the trial court denied a temporary injunction to enjoin appellees from constructing a building in violation of a 26 foot front setback line upon a lot in Northborough Addition to the city of Indianapolis, as established in the recorded plat of said addition. A restraining order was issued. However, after the cause was submitted and evidence heard, the restraining order was dissolved and the

costs in said cause were taxed against the appellant. It is from that judgment that this appeal is taken. A motion to dismiss the appeal was filed by the appellees.

Three primary issues are presented for our determination. The first is presented by appellees' motion to dismiss. The motion is predicated upon the fact that appellant's brief, as originally filed, failed to comply with Rule 2-17A of this court,[1] which requires a statement regarding the jurisdiction of this court. Appellees contend that an appeal which is not supported by a brief which substantially conforms to the requirements of Rule 2-17A presents no issue and therefore that compliance with Rule 2-17A is jurisdictional. In support of this contention appellees cite and rely upon the case of *Allison* v. *State* (1959), 239 Ind. 545, 546, 547, 157 N. E. 2d 193, as being controlling of the specific issue with which we are here confronted. Appellees assert that in that case this court considered that compliance with Rule 2-17A was jurisdictional. Appellees further assert that because this court has determined the jurisdictional character of Rule 2-17A, and because this court has stated that it is bound by its own rules, it is without authority now to permit the appellant to amend his brief after the time for filing briefs had expired.

Appellees have apparently misconstrued the effect of the ruling of this court in the *Allison* case, *supra*. In that case, as distinguished in the case at bar, appellees filed a motion to dismiss the appeal, assert-

---

1. "When a direct appeal (other than in criminal actions) is taken to the Supreme Court, the appellant in his brief under a heading 'Jurisdiction of the Supreme Court', immediately following the section entitled 'Nature of the Action', shall state his reasons briefly why, in his opinion, the Supreme Court has jurisdiction of the direct appeal to the court." Ind. Sup. Ct. R. 2-17A (1958 ed.).

ing that this court did not have jurisdiction to review an appeal directly from the Magistrate's Court of Marion County but that appellant should have appealed from such court to the Circuit Court or Criminal Court of Marion County. Thus the jurisdiction of this court was directly placed in issue by the motion to dismiss. However, notwithstanding the motion which directly challenged the jurisdiction of the court and thus made the question of jurisdiction the primary issue, this court noted that appellant had not "at any time herein attempted to amend such brief to correct the deficiency," by providing the required statement regarding the jurisdiction of the court. Therefore, this court held: "Appellant has waived any right he may have to a consideration of this appeal by this Court by failing to make an affirmative showing of our jurisdiction in his original brief [or by amendment thereto] as above required." Therefore, upon motion of the appellees, the cause was dismissed.

However, this court did not hold in the *Allison* case, *supra*, as contended by appellant, that compliance with Rule 2-17A was jurisdictional. On the contrary, the decision rests first upon the fact that jurisdiction was the primary substantive issue and that when the question of jurisdiction was challenged by the appellees appellant made no attempt to correct the defect in his brief by stating the fact of this court's jurisdiction. Under the above circumstances it did not appear that the appellant had made a good faith effort to comply with the rules of this court in the prosecution of his appeal. Therefore, upon motion of the appellees, the case was dismissed.

However, in this case, in contrast to the *Allison* case, the appellant promptly filed a motion to amend

his brief when his attention was called to the fact that he had failed to include therein the statement regarding the jurisdiction of the court as required by the rule here under consideration. Therefore, the *Allison* case provides no precedent in this case.

Furthermore, it is to be noted that this court, with increasing emphasis, has declared itself committed to a policy in favor of liberally construing its rules in matters which are not jurisdictional, to the end that where a liberal construction of the rules permits, each case may be decided upon its merits. *Wylie* v. *Meyers* (1958), 238 Ind. 385, 388, 150 N. E. 2d 887; *Dorweiler et al.* v. *Sinks et al.* (1958), 238 Ind. 368, 371, 151 N. E. 2d 142; *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 650, 136 N. E. 2d 17.

Under circumstances where the rule, itself, does not provide that compliance therewith is jurisdictional, or where this court has not heretofore held that the subject matter of the rule is jurisdictional, this court is reluctant to ascribe a jurisdictional character to its rules. Where the rule has not already been declared to be jurisdictional, the court may, under a liberal construction thereof, in its discretion and upon proper application, permit the appellant to amend his brief so as to conform with the requirements of the rules of the court.[2]

---

2. Rule 2-20 provides:

"Upon notice to the adverse party, and the presentation of a verified application setting forth the proposed amendment and the reasons on which it is based, the court in its discretion may grant leave to amend briefs, upon such terms as it shall prescribe." See also: *Bingham, Rec.* v. *Newton Bank* (1916), 63 Ind. App. 606, 114 N. E. 97.

For the reasons above stated, we permitted the appellant, after the filing of an appropriate motion, to amend his brief so as to conform with the requirements of Rule 2-17A.

An issue is also presented as to whether this court committed error in withdrawing an opinion formerly handed down in this case and permitting the appellees to file their answer brief herein, the action being taken 186 days after the filing of appellant's amended brief. The issue arose in the following manner:

Appellant's original brief was filed on March 24, 1961. On March 29 appellees filed a motion to dismiss the appeal for the alleged jurisdictional defect in appellant's original brief as hereinbefore discussed. Appellees' motion was accompanied with a verified petition for extension of time in which to file their answer brief. Pursuant to the petition this court issued an order extending the time for the filing of appellees' brief, "to and including 10 days after the ruling upon appellees' motion to dismiss." With the consent of this court appellant filed his amended brief on April 11, 1961.

Appellees did not file an answer brief within the usual ten day period specified by Rule 2-15 following the filing of appellant's amended brief. Thereafter the case was presented to this court by the clerk on the assumption that the briefing had been completed and this court, also acting on the assumption, handed down an opinion on September 28, 1961, unaware of the extension of time granted to appellees to file their brief. The appellees then filed a verified petition asking this court to withdraw its opinion and grant them time in which to file their answer brief on the merits on the ground that appellees had been given

a period of 10 days beyond the ruling on the motion to dismiss in which to file their brief and that no action had been taken by this court with respect to said motion to dismiss. Thereupon this court withdrew its opinion and granted appellees 10 days within which to file their brief.

Appellant asserts that this action by the court was erroneous on the ground that the amendment to his brief corrected all the alleged jurisdictional defects asserted in appellees' motion to dismiss and, therefore, the question presented by the motion to dismiss was moot and that the order granting appellees an extension of time was, in effect, thereby vacated. Appellant asserts that thereupon it became the duty of the appellees to file their brief within 10 days after the filing of appellant's amended brief as required by Rule 2-15.

This court, by the withdrawal of the opinion heretofore written, and the granting to appellees of an extension of time within which to file their answer brief has, in effect, answered appellant's contention in the negative. The mere filing of an amended brief by an appellant in response to a motion to dismiss filed by an appellee does not negate the express order of this court granting an extension of time in which to file briefs. Where, as in this case, the extension of time is by express order of this court made to extend beyond the ruling of a motion to dismiss, the extension of time is operative until the motion to dismiss is formally disposed of by this court. Under the circumstances here present the appellee is not charged with the burden of determining whether the appellant has, by amendment, corrected all the defects in his brief to the satisfaction of this court which granted

the extension of time. Rather, appellant, having caused the extension of time to be ordered as a result of a defect in his brief, is charged with the responsibility of abrogating the order granting the extension of time.

Thus we consider the case upon its merits. The appellees secured a variance to build a commercial building upon a lot formerly zoned for dwelling purposes, which variance further purported to permit the appellees to construct a building within 15 feet of the front property line of the lot although the official plat of the addition upon which said lot is located expressly provided that all buildings be constructed not less than 26 feet from the property line of the lots in said addition.

Therefore, the second major question here presented is this: Did the Board of Zoning Appeals have authority to grant a variance so as to permit the construction of a building within 15 feet of the front property line of the lot? It is appellant's contention that such purported variance is invalid for *two specific reasons* and that the decree of the trial court which set aside the temporary restraining order was contrary to law.

In support of the above position appellant relies upon the fact that the power of the Board of Zoning Appeals to grant a variance is created and limited by the Acts of 1959, ch. 29, §4, p. 82 [§53-1077, Burns' 1961 Cum. Supp.], which provides that:

"(2) [N]o such variances shall be granted in any event except upon a determination and finding that:

(a) The grant will not be injurious to the public health, safety, morals and general welfare of the community;

(b) The use or value of the area adjacent to the property included in the variance will not be adversely affected;

(c) The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone; and

(d) The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship as applied to the property for which a variance is sought."

There is no allegation in the petition for variance to the Board of Zoning Appeals, nor proof to such board that any of the above stated conditions required a variance from the setback restrictions as contained in the original plat of the addition, nor that there had been a deviation from the limitation by other lot owners in the addition. To the contrary, it affirmatively appears that all the other properties within the area are set back 26 feet, or more, from the front property line according to the covenant of the original plat of the addition. Therefore, the reasonable presumption is that the proposed variance would adversely affect formerly constructed properties, if allowed. Further, it is not asserted that appellees' proposed structure could not be built upon their lot in compliance with the plat restriction. In fact, the record discloses that the Board of Zoning Appeals heard no evidence upon the issue and made none of the necessary findings of fact on the statutory prerequisites to the granting of such variance.

Even if the cause for a variance had been alleged and proved, the Board of Zoning Appeals was without authority to grant the variance. The authority of the board is set forth in Section 11-121 of the Municipal Code of Indianapolis (1951),

wherein it is stated: "[N]or shall this chapter interfere with or abrogate or annul any easements, covenants or other arrangements between the parties." Here the plat restrictions, established in 1927, vested in each of the owners of lots in the addition the right to require that all buildings erected in the subdivision be set back 26 feet from the front property line. Therefore, under the city ordinance which created it, the Board of Zoning Appeals has no authority to alter or amend such restrictions.

Furthermore, the purported variance was prohibited by law, independent of the ordinance. The general rule upon this proposition has been stated as follows:

"[A] zoning law cannot constitutionally relieve land within the district covered by it from lawful restrictions affecting its use, imposed by covenants." 58 Am. Jur., §4, p. 942.

"Zoning regulations and private restrictions do not affect each other." Bassett, *Zoning* (1940), p. 185 & n.3.

The precise question was considered in the case of *Castleman* v. *Avignone* (1926), (D. C. Cir. 1926), 12 F. 2d 326, where the plaintiff sought and obtained an injunction for violation of building line restrictions in an area which had been re-zoned from residential to commercial use. The court stated that the importance of the maintenance of a building line may be as great when buildings are used for business purposes as well as when they are occupied only as dwellings. The question was also considered in *Codman* v. *Bradley* (1909), 201 Mass. 361, 369, 87 N. E. 591, in which the court stated:

"*The change in the use of the buildings on the street since the execution of the indenture does not affect the plaintiff's right.* The importance of

the maintenance of a building line may be as great when buildings are used for purposes of business as when they are occupied only as dwellings. . . ." [Our italics.]

The general proposition was also considered in *Bachman* v. *Colpaert Realty Corp.* (1936), 101 Ind. App. 306, 194 N. E. 783. In that case the court affirmed the granting of an injunction preventing the erection of a filling station in violation of plat restrictions and stated that the adoption of a zoning ordinance classifying a lot as commercial territory did not prevent the enforcement of the setback restrictions on the lot as set forth in the plat.

In light of Section 11-121, *supra*, of the Municipal Code of Indianapolis (1951), and the cases above cited, the variance purportedly obtained by the appellees is invalid and could not vary the setback restrictions established by the recorded plat.

Notwithstanding the reasons above stated, appellees assert that appellant has forfeited his right to insist upon the equitable relief which he here demands for the reason he, appellant, has violated the covenant contained in the original plat which limited the use of the lots therein for residential purposes and that appellant is using his land in said plat for commercial purposes. Appellees assert that because of this factual issue which is injected in the case by appellant's own violation, there exists an area of discretionary action in the trial court with respect to the restraining order herein, in which area this court may not interfere.

It is not necessary for us to consider whether or not the violation of one covenant with respect to the

use of the property constitutes a forfeiture by a landowner of his right to insist upon the enforcement of other covenants with respect to the particular plat or development. However, appellee's contention cannot be maintained. In the case before us there are two distinct paragraphs of limitation in the original covenant of dedication which accompany the plat as recorded. The first provided for a setback of all the buildings constructed upon said lot, "as shown on the said plat." Record p. 42. The second provided that, "Prior to the time this addition or subdivision is annexed to the City of Indianapolis and zoned by the City, . . ." Ibid. Thus, although only dwellings could be erected on the lots here in question prior to annexation by the city, thereafter, upon annexation by the city of Indianapolis, the use of said land became subject to the zoning authority of the city. Here the parties stipulated of record that the lots in question "have been annexed to the City of Indianapolis and zoned by the City for commercial use." Id. 39. Thus, the commercial use of the land in question by appellant was clearly authorized. His commercial use of the land was consistent with the express terms of the covenant with which we are here concerned. It could not effect a forfeiture of his right to insist upon appellees' compliance with the setback covenant which continued to run with the land.

For the reasons above stated the court erred in denying appellant's application for temporary injunction entered on October 10, 1960.

Judgment is therefore reversed and the cause remanded with instructions to the trial court to enter judgment accordingly.

Arterburn, Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 178 N. E. 2d 736.