302 N.E.2d 541 (1973)
THE METROPOLITAN SCHOOL DISTRICT OF WASHINGTON TOWNSHIP, Marion County, Indiana, et al., Appellants,
v.
John G. JANSEN et al., Appellees.
No. 2-572A11.
Court of Appeals of Indiana, Second District.
October 24, 1973.
Rehearing Denied November 28, 1973.
*542 Ben J. Weaver, Charles G. Reeder, Indianapolis, for Metropolitan School Dist. of Washington Tp., Marion County.
David F. Rees, Indianapolis, for the Metropolitan Development Comm. of Marion County and Dept. of Metropolitan Development of City of Indianapolis, by its Div. of Planning and Zoning.
Bulen & Castor, Henry Y. Dein, Indianapolis, for appellees.
WHITE, Judge.
The Metropolitan Board of Zoning Appeals of Marion County, Division One (the Board) granted the appellees John G. Jansen and Anna Lou Jansen (the Jansens) a use variance for the purpose of constructing a convenience shopping center on premises located at 4310 East 62nd Street in Marion County. The Metropolitan School District of Washington Township, remonstrator before the Board, along with the Metropolitan Development Commission of Marion County and The Department of Metropolitan Development of the City of Indianapolis (appellants) sought judicial review of the grant by writ of certiorari in the Circuit Court of Marion County. Upon review, that court upheld the decision of the Board. We affirm.
The issue before us is whether the trial court erred in finding that there was substantial evidence of probative value before the Board to establish the Board's findings. Those findings were affirmations of the five determinants which the statute requires to be found before a use variance can be granted, plus specific facts supporting the ultimate determinations.[1]
*543 Appellants' argument concerning the findings that (1) the grant will not be injurious to the public health, etc., and (2) the use or value of the adjacent area will not be affected in a substantially adverse manner focuses on the shopping center's effect on an already existing traffic problem. They contend that the evidence before the Board took into consideration only "adjoining" property and not the burden which would be imposed upon the "adjacent" school, the entrance to which is located across the street and some 75 feet from the proposed entrance to the shopping center. Consequently, it is contended, the Board did not take into account the safety and general welfare of the students, nor the resulting adverse effect the added traffic would have on the use of the school's property.
The effect of appellants' argument is to say that the evidence they submitted in opposition to the petition is more substantial than that evidence in support of the petition. This court, however, may not weigh the evidence submitted to the Board nor substitute its judgment for that of the Board. Our review is limited to whether there is any substantial evidence of probative value which is competent as the foundation for the decision of the Board. Suess v. Vogelgesang (1972), Ind. App., 281 N.E.2d 536, 30 Ind.Dec. 385; Vogelgesang v. Shackelford (1970), 146 Ind. App. 248, 254 N.E.2d 205, 20 Ind.Dec. 50.
We find that the record does contain substantial evidence of probative value which sustains those first two findings. The testimony of Mr. Kothe, a realtor, elicited by the appellant on cross-examination, shows that he had considered the effect of the traffic increase on the school and, that in his opinion, while any use of the now vacant property would affect the school, the proposed convenience shopping center would not have as detrimental an effect on the traffic as would an apartment complex. We further note that at the conclusion of the testimony, comments made by the Board members conditioned the granting of the variance upon the addition of a sidewalk along the frontage of the property and a modification of the proposed means of ingress and egress to the shopping center in order to alleviate the danger the increased traffic may have on the school's students. Consequently, we cannot say that the Board did not consider the effect of the traffic increase on the school, but rather that the Board concluded that changes agreed to would prevent the proposed use being injurious to the safety of the students and the welfare of the School.
The same is true with respect to the appellants' contention that the need for the variance did not arise from some condition peculiar to the property. Evidence of record clearly shows that the unusual shape and relatively small acreage, when viewed in conjunction with the adjoining commercial use and railroad track, made the property unsuitable for development as either an apartment complex or an agricultural use. Therefore, the Board was justified in finding that the need for the variance arose from some circumstance peculiar to the property.
The final argument presented is that the proposed variance would substantially interfere with the Metropolitan Comprehensive Plan, as evidenced by the written staff comments opposing the petition. The import of the comments is that the plan proposes commercial use be located west of the railroad tracks which intersect 62nd Street and Allisonville Road, but that the property on 62nd Street east of the railroad, including the property in question, should be for multi-family use. Implicit in the comments is the fear that if this variance is granted and commercial use is thus permitted to "jump the buffer" additional spot zoning requests would be a likelihood.
The Board did not find that there would be no interference with the Metropolitan Comprehensive Plan, but that the interference would not be substantial. It is *544 only substantial interference which precludes the granting of a variance. Suess v. Vogelgesang, supra, 281 N.E.2d at 539, 30 Ind.Dec. at 388. The evidence did not mandate a finding that the interference would be of that magnitude. Even the staff comments did not claim as much. The comments state only that "[t]his petition is in conflict with the officially adopted" plan, omitting the word "substantial".
We hold that since the findings of the Board are sustained by sufficient evidence of probative value the findings of the trial court to that effect are not clearly erroneous.
The judgment of the Circuit Court of Marion County is, therefore,
Affirmed.
BUCHANAN, P.J., and SULLIVAN, J., concur.
NOTES
[1] Those determinants, as found in Ind. Ann. Stat. § 53-969 (Burns 1971 Supp.), IC 1971, XX-X-X-XX read:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.
"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.
"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.
"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.
"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this act."