DOROTHY ANNETTE ABNEY v. JAMES HAROLD ABNEY.

*John T. Neighbours, Cadick, Burns, Duck & Neighbours,* of Indianapolis, *William P. Ortale, Ortale, Kelley, Herbert & Crawford,* of Nashville, Tennesse, for appellant.

*Richard A. Rogers, Morton, Tumbove, Rogers & Ruble,* of Indianapolis, for appellee.

SULLIVAN, J.—Appellee correctly asserts that Appellant's brief does not contain a verbatim statement of the dissolution of marriage judgment as required by Rule AP. 8.3(A)(4). In *Suess* v. *Vogelgesang* (1972), 151 Ind. App. 631, 281 N.E.2d 536 we held such requirement to be not truly jurisdictional. We specifically noted, however, that in many instances noncompliance would necessarily result in affirmance without consideration of the merits. We said there:

"The dictate of Rule 8.3(A)(4) is for the purpose of aiding and expediting appellate review and is founded upon

2. It is unclear from the record whether J. E. G.'s arrest was actually illegal.

the reality of appellate case loads and human time limitations. The requirement is thus a convenience to the reviewing court and is not jurisdictional. It is often a necessary convenience, however, such as when the precise words of the judgment are in issue or must be scrutinized to determine the exact relief granted or denied; . . . Likewise, in certain actions . . . the verbatim statement of the judgment is not a mere formality. In those and similar instances, the precise phrasing of the judgment often times bears direct correlation to the argument of appellant. It is the judgment in such cases which gives meaning to the appellant's argument." 281 N.E.2d at 539.

The judgment under attack here dissolves the marriage and contains four other decretal provisions dealing with past due support and maintenance ordered by a Tennessee Court, future maintenance, future medical expenses, and attorney fees. It clearly falls within the above classification. We thus feel compelled to honor the Appellate Rule and the spirit of *Suess* v. *Vogelgesang, supra,* and accordingly, we affirm the judgment below.

White, J., concurs; Lybrook, J., (participating by designation) concurs.

NOTE.—Reported at 360 N.E.2d 1044.