JAMES H. RANDOLPH, RITA M. RANDOLPH *v.* JOHN L. WOLFF,[1] HELEN D. WOLFF

[No. 1-576A77. Filed April 5, 1978.]

---

1.    Since initiation of this action, Helen D. Wolff, executrix of the estate of John L. Wolff, has been substituted as party appellee for John L. Wolff, deceased.

*Clifford G. Antcliff, Antcliff & Wilson,* of Greenwood, for appellants.

*Len E. Bunger, William K. Steger, Bunger, Harrell & Robertson,* of Bloomington, for appellees.

ROBERTSON, C. J.—Plaintiffs-appellants, Randolphs, appeal from a grant of summary judgment by Morgan Circuit Court in favor of defendants-appellees, Wolffs, in an action for damages brought by the Randolphs wherein they alleged a breach of contract by the Wolffs for the purchase of certain real estate.

On appeal, the Randolphs contend that there exists a genuine issue of material fact and, therefore, the trial court erred in sustaining the Wolffs' motion for summary judgment. We reverse and remand.

However, we have a preliminary matter which to contend before our discussion of the issue in this case which is raised by the Randolphs' allegation of error.

We must acknowledge that the Wolffs have appropriately and correctly directed us to a defect in Randolphs' brief in that they have not set forth a verbatim statement of the judgment below as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(4). Affirmance by an appellate court without consideration of the merits, although authorized when there is such an omission, is not mandatory. *See generally Suess v. Vogelgesang* (1972), 151 Ind. App. 631, 281 N.E.2d 536. We recognize that, for proper judicial review of certain case, adherence to the commands of AP. 8.3(A)(4) is highly important and approaches necessity; however, in our opinion, the omission in this case, though by no means insignificant, does not present such compelling circumstances. With respect to the facts of the present case, the relief granted, summary judgment, was not complicated and the judgment of the trial court was essentially implicit in the mere fact of the appeal. *See Suess v. Vogelgesang, supra; Smith v. Chesapeake and Ohio*

*Railroad Company* (1974), 160 Ind. App. 256, 311 N.E.2d 462. In addition, the Wolffs' inclusion of the trial court's order granting summary judgment obviated our search of the record. We proceed now to the merits — the propriety of summary judgment.

The controversy in this case centers about the following document which was prepared hand-written by James Randolph as propsective buyer:

Sept. 17, 1972

South west corner from Rex Roberts East property line to East property line at the bean field. — 5 acres more or less. Property lies East of Robert's property. $500.00 part payment paid Balance due 10,500.00. North property line begins at N.E. corner of Rex Roberts property & goes back to East Property line. Common ground road to be run to the property by John Wolff.

James H Randolph

John L. Wolff

(words and figures per original)

The Randolphs contend that the establishment of the north property line presents a question of material fact to the trial court and that, therefore, summary judgment was improperly granted to the Wolffs. We agree with that contention.

In seeking the summary judgment, the Wolffs presented evidence in the form of a survey which supported their construction of the documented issue. In addition, the Wolffs presented a second survey which purported to represent the Randolphs' construction of the document. The Wolffs then argued that the purported evidence they apparently presumed the Randolphs would offer would be inadmissible at a trial on the merits based upon a Statute of Frauds prohibition. Thus, it appears to this court that summary judgment was granted based essentially upon surmise as to what the Randolphs would offer as evidence at a trial on the merits. The trial court may not engage in such speculation. In addition, we must observe that merely because the Wolffs' construction of the document and the evidence supporting that construction are in consonance with the language of the document that does not preclude the existence of another construction also in consonance with the document. Whether there is another such construc-

tion awaits the presentation of evidence by the Randolphs at a trial on the merits.

In Indiana, summary judgment is properly granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Rules of Procedure, Trial Rule 56(C). Evidence, pleadings, and inferences must be viewed in a light most favorable to the party against whom summary judgment is sought. *Wozniczka v. McKean* (1969), 144 Ind. App. 421, 247 N.E.2d 215, and the burden is on the proponent to show that no material issue of fact exists. *McNabb v. Mason* (1970), 148 Ind. App. 233, 264 N.E.2d 623. If there is any doubt as to the existence of a genuine issue of material fact, such doubt must be resolved against the party moving for summary judgment. *McGinnis v. Public Service Co. of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708, and authorities cited therein.

Moreover, "[i]t is well settled that, even in cases where the facts are not disputed, but the parties may have good faith disagreements as to the inferences to be drawn from those facts, such a case is not one to be decided by summary judgment." *Tapp v. Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288. Further:

" 'It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented.' " *Houston v. First Federal Savings & Loan Ass'n of Gary* (1969), 144 Ind. App. 304, 246 N.E.2d 199, quoting from *Pierce v. Ford Motor Co.* (4th Cir., 1951), 190 F.2d 910.

It also follows logically that " 'the party opposing the motion is required to show only that there is a genuine issue to be tried and not that he will prevail at the trial. . . . ' " *Wozniczka v. McKean, supra,* 144 Ind. App. at 497, 247 N.E.2d at 229, quoting *Barron & Holtzoff* Federal Practice and Procedure (Wright Ed.), Vol. 3, § 1235.

With these considerations in mind, we have concluded that there does exist a question of material fact which precludes summary judgment

in this case. That question is: what constitutes the "5 acres more or less" under the contract? As a corollary, the court upon trial shall have to determine what is the northern boundary of the property. Whether that north property line goes due east to the east property line or whether it goes back to the point of origin, the north property line, nonetheless, goes back to the east property line as called for in the document, and therefore presents a factual question for determination by the trier of fact. We do realize that the document is to be construed most strongly against the preparing party,[2] but we believe such stringent construction should occur at trial and not at the juncture of summary judgment.

The Wolffs strongly maintain that admission of parol evidence here concerning the boundary line would violate the Statute of Frauds. We do not necessarily agree. Parol evidence, while it might not be admitted to alter or contradict the contract, might be admitted for other purposes. Our Appellate Court in the case of *Ames v. Ames* (1910), 46 Ind. App. 597, 600, 91 N.E. 509, 511, set forth the settled rule concerning the admissibility of parol evidence when the description of real estate in a contract for the sale of land is challenged:

> "It is well established that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Tewksbury v. Howard* (1894), 138 Ind. 103, [307 N.E. 355]; *Maris v. Masters* (1903), 31 Ind. App. 235, [67 N.E. 699]; *Warner v. Marshall* (1906), 166 Ind. 88, [75 N.E. 582]; *Howard v. Adkins* (1906), 167 Ind. 184, [78 N.E. 665].

Regardless of the ultimate outcome of the trial on the merits, the Randolphs are entitled to their day in court, where they may attempt to establish evidence supportive of their position. We, therefore,

---

2. *See Rowe v. Rand* (1887), 111 Ind. 206, 12 N.E. 377; *see also McMahan Construction Company v. Wegehoft Brothers, Inc.* (1976), 170 Ind. App. 558, 354 N.E.2d 278 ("An elementary rule of contract interpretation is that ambiguous documents will be construed against the author of those documents.").

reverse the summary judgment as granted by the trial court and remand for a trial upon the merits.

Reversed and remanded.

Lowdermilk, J. and Buchanan, C. J. (By designation), concur.

NOTE—Reported at 374 N.E.2d 533.