BOARD OF ZONING APPEALS OF CITY OF HAMMOND ETC., ET AL. *v*. WASKELO ET AL.

[No. 29,851. Filed June 20, 1960.]

*Cordell C. Pinkerton,* City Attorney, *James J. Richards,* Corporation Counsel, of counsel, and *Straley Thorpe,* all of Hammond, for appellants.

*Charles Levin,* of Hammond, for appellees.

BOBBITT, J.—This case was filed in the Appellate Court on August 16, 1957, and was transferred to this court on December 7, 1959, pursuant to the provisions of Acts 1901, ch. 247, §13, p. 565, being §4-217, Burns' 1946 Replacement.

In the summer of 1955, appellee, Matthew J. Waskelo, hereinafter referred to as "appellee," purchased a corner lot 100 feet wide by 142 feet deep in the City of Hammond, Indiana, in a district zoned for " 'A' Residence" and requiring that each lot have a minimum area of 6,000 square feet, and a minimum lot width of 50 feet. At the time the corner lot was purchased by appellee there was situated thereon a "large brick residence" which had been occupied as such for many years by the person from whose estate it had been purchased by appellee. Lots immediately adjoining on the west of appellee's property are 52 feet in width, and across the street on the east is a lot 64 feet in width, and directly across the street south the lots are 50 feet in width.

The zoning ordinance here involved became effective March 8, 1952.

Appellee knew, at the time he purchased the lot herein, that there was a zoning ordinance in force and that it would be necessary for him to get a variance of the ordinance from the Board of Zoning Appeals before he could construct a dwelling house on a lot less than 50 feet in width.

Having failed for sometime to sell the entire property as purchased, appellee sold the house and 56 feet by parallel lines off the west side of the lot, retaining 44 feet as vacant ground on the east side of the original lot. Appellee then sought a variance from appellants for permission to build a one-family dwelling on the remaining 44 feet of the original lot. The petition for variance was denied and on petition for certiorari the trial court found that the action of the Board of Zoning Appeals in denying the petition for variance was "illegal" and ordered the Board to direct the building commissioner to issue a building permit to appellee within seven days from the date of the order. From such judgment the Board prosecutes this appeal.

We are immediately confronted with the constitutional question raised by appellees. They assert that a strict enforcement of the ordinance will deprive them of their property without due process of law in violation of Art. 1, §21 of the Constitution of Indiana, and the Fourteenth Amendment to the Constitution of the United States—thus rendering the ordinance unconstitutional in its application to appellees' property.

This question was properly considered by the trial court since appellees did not claim that the entire ordinance was void. *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 312, 111 N. E. 2d 459; *Bd. of Zoning Ap. of Decatur* v. *Jehovah's Witnesses* (1954), 233 Ind. 83, 87, 117 N. E. 2d 115,

118; *Town of Homecroft et al.* v. *Macbeth* (1958), 238 Ind. 57, 67, 148 N. E. 2d 563, 568.

Appellants assert that appellees' "hardship," if any, is "not the result of or induced by the application" of the zoning ordinance to their property, but was created by their own act.

The rule applicable here is stated in 58 Am. Jur., Zoning, §208, p. 1053, as follows:

> "Ordinarily, a claim of unnecessary hardship cannot be based upon conditions created by the owner or applicant."

Also, "one who purchases property with knowledge of the use restrictions thereon will generally not be permitted to claim special or unnecessary hardship, . . ." 101 C. J. S., Zoning, §292, p. 1073.

*Stevens* v. *Connor* (1953), 120 N. Y. S. 2d 345, 348; *People ex rel. Polcini* v. *Scofield* (1951), 279 App. Div. 762, 108 N. Y. S. 2d 778, 779; *Selligman* v. *Von Allmen Bros.* (1944), 297 Ky. 121, 179 S. W. 2d 207, 210; *Leimann* v. *Board of Adjustment* (1952), 9 N. J. 336, 88 A. 2d 337, 340; *Marrocco* v. *Board of Adjustment of City of Passaic* (1949), 5 N. J. Super. 94, 68 A. 2d 470, 472; *Misuk* v. *Zoning Board of Appeals* (1952), 138 Conn. 477, 86 A. 2d 180, 182.

The property as it existed at the time of purchase conformed fully with the provisions of the zoning ordinance. However, appellees later sold a part of the original lot, thereby reducing the width of the remainder below that required by the ordinance for " 'A' Residence District."

Appellees may be under a hardship in utilizing the east 44 feet of the lot which they retained, but in our opinion this situation was not created by the application of the ordinance to appellees' property, but by

their own voluntary act in selling the house and 56 feet off the original lot so as to reduce the remaining part of the lot to a width of 44 feet, after the passage of the zoning ordinance and with full knowledge of its use restrictions. This leads us inescapably to the conclusion that appellees' hardship, if any, was self-created and was not the result of any invalid application of the terms of the zoning ordinance to their particular property.

Appellees have failed to sustain their burden of showing that the application of the ordinance was an unnecessary hardship under the circumstances, or that the action of the Board in denying a variance was arbitrary or contrary to law; hence, the judgment of the trial court must be reversed.

Judgment reversed with instructions to grant appellants' motion for a new trial and for further proceedings in accordance with this opinion.

Landis, Achor and Arterburn, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 168 N. E. 2d 72.