Harry W. SMITH, et al., Appellants,

v.

CITY OF SHELBYVILLE, et al., Appellees.

No. 1–783A212.

Court of Appeals of Indiana, First District.

April 23, 1984.

Rehearing Denied May 31, 1984.

Good & Murphy, Shelbyville, for appellants.

Peter G. Tamulonis, Peter A. Velde, Kightlinger, Young, Gray & De Trude, Indianapolis, Charles T. Bate, Soshnick Bate & Harrold, Shelbyville, for appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Appellant-remonstrators, Harry W. Smith, et al (Remonstrators) contest an adverse decision of the Shelby Circuit Court in their appeal from a decision of the Common Council of the City of Shelbyville (City) to vacate an alley.

We reverse and remand.

## STATEMENT OF THE FACTS

On June 15, 1982, Knauf Fiberglass, Marion Knauf and Thies Knauf (Knaufs) filed their petition with the Common Council of the City to vacate an alley, alleging therein that they owned all abutting land and that the alley was not essential to or in substantial use by the public. The petition was referred to the Plan Commission, which conducted a hearing at which a number of the remonstrators appeared and protested. Upon receipt of the Plan Commission's favorable recommendation to vacate the alley, the petition was heard by the council on September 13, 1982. No written remonstrance was filed by any person, nor was any record of the evidence preserved.

The minutes of the council meeting reflect that several persons were present and spoke against granting of the petition. Councilman Law stated that he had received many phone calls and a petition signed by approximately 300 persons, mostly in the second ward. The minutes do not state whether the phone calls and petitions were for or against the vacation, and the petition is not contained in the record. The minutes further reflect that the City attorney made a statement explaining the vacation statute and the remonstrance requirements.

At the conclusion of the hearing, the council voted 4–2, with one abstension, to vacate the alley. Voting for the vacation were councilmen James Law and Gerald Glascock. No question was raised concerning any conflict of interest on their part, which is the basis of this appeal.

On September 27, 1982, Remonstrators filed in the Shelby Circuit Court an "Appeal of Ordinance No. 1758, Passed by the Common Council of the City of Shelbyville". They alleged therein, for the first time, that councilman Glascock was an employee of Knaufs, and that Councilman Law owned an interest in a corporation which did business with Knaufs. Therefore, Remonstrators assert, as the sole ground of appeal, that a conflict of interest existed which disqualified the council members from voting on the ordinance. Under IND. CODE 36-4-6-11, a legal majority is four of the seven elected councilmen, and without the vote of Law and Glascock, the ordinance fails passage. The prayer in the "Appeal" asked that the court set aside the ordinance and declare it null and void. Upon motion by the City, the court struck from the petition all matters concerning conflict of interest and denied Remonstrators permission to litigate that issue. Offers to prove showed that Glascock is the purchasing agent for Knaufs, one of their 450 employees; Law's company sold about $10,000.00 in goods a year to Knaufs. At the hearing, the trial court apparently heard evidence on the merits of the vacation of the alley and rendered spe-

cial findings of facts and conclusions of law thereon. In those findings, he found that Knaufs owned all land abutting the alley; that the alley was not necessary to the growth of the municipality; that vacation of the alley would not make access to the land of the Remonstrators impossible; that vacation of the alley would not eliminate the public access to a church, school or other public building or place; and that the vacation would not hinder or curtail present City services.

## ISSUE

The sole issue on appeal is the Remonstrators' challenge to the court's refusal to permit them to litigate the conflict of interest of Law and Glascock. Such action, they argue, denied them a forum to contest gross procedural and substantive errors committed by the Common Council.

## DISCUSSION AND DECISION

The Remonstrators' argument commences with IND. CODE 36-7-4-223 which states:

"Zoning matters—Conflict of interest.— (a) As used in this section, "zoning matter" does not include the preparation or adoption of a comprehensive plan.
(b) A member of a plan commission or a legislative body may not participate in a hearing or decision of that commission or body concerning a zoning matter in which he has a direct or indirect financial interest. The commission or body shall enter in its records the fact that its member has such a disqualification."

Knauf's petition to vacate the alley was filed pursuant to IND. CODE 36-7-3-12. That section requires an alley vacation petition to be filed with the city council, and at the required hearing after notice, any aggrieved person may object or remonstrate in accordance with IND. CODE 36-7-3-13 which states:

"Grounds for filing of remonstrances. —A remonstrance or objection permitted by section 11 or 12 ... of this chapter may be filed or raised by any person aggrieved by the proposed vacation, but

only on one or more of the following grounds:
(1) The vacation would hinder the growth or orderly development of the unit or neighborhood in which it is located or to which it is contiguous.
(2) The vacation would make access to the lands of the aggrieved person by means of public way difficult or inconvenient.
(3) The vacation would hinder the public's access to a church, school, or other public building or place.
(4) The vacation would hinder the use of a public way by the neighborhood in which it is located or to which it is continguous."

IND. CODE 36-7-3-12 states that after a hearing the council "... *may*, by ordinance, vacate the public way...". Subsection (f) of that section provides the method of appeal:

"Within thirty (30) days after the adoption of a vacation ordinance, any aggrieved person may appeal the ordinance to the circuit court of the county. The court shall try the matter *de novo* and may award damages." (Our emphasis).

Though no grounds for remonstrance and appeal exist for the issue of conflict of interest under IND. CODE 36-7-3-12 and 13, Remonstrators insist that they are entitled to judicial review of the issue. They first cite IND. CODE 34-4-17.5-1:

"Appeals from actions of municipalities filed as original complaint in court—Procedure—Contents of complaint.—An appeal allowed by statute from any action or decision of a board of a city, the common council or city-county council of a city if it performs the functions of a board, or the board of trustees of a town shall be filed as an original complaint against the city or town in the circuit or superior court of the county in which the municipality is located. The complaint on appeal must be filed within thirty (30) days after the date of the action or decision complained of, and one or more parties appealing may join in the same com-

plaint. The appeal may not be taken by transcript."

IND. CODE 34–4–17.5–4, which is a part of Chapter 17.5, requires the court to try such appeal de novo. Remonstrators advance their argument with the case of *The City of South Bend v. Brooksfield Farm*, (1981) Ind.App. 418 N.E.2d 305 (transfer denied). In *Brooksfield Farm*, a sewer assessment levied by the Board of Public Works could be appealed to Circuit Court provided a timely remonstrance had been filed before the board. Brooksfield filed an action later than the appeal time of 30 days for declaratory judgment outside the appeal procedure challenging the method of determining the assessment under IND. CODE 19–2–7–1 et seq. The city argued that the court lacked subject matter jurisdiction because the statutory appellate process which is provided in IND. CODE 19–2–7–13 and IND. CODE 18–5–17–1 [now IND. CODE 34–4–17.5–1], had not been followed. The court held:

"In an action for judicial review of an administrative determination, compliance with statutory requirements is a condition precedent to the exercise of 'review jurisdiction' by the trial court. Failure to comply with the statutory mandate is jurisdictional. *Ind. Civ. R. Comm'm v. Intern. U., United Auto., Etc.* (1979), [179] Ind. App. [407], 385 N.E.2d 1176; *Gleason v. Real Estate Commission* (1973), 157 Ind.App. 344, 300 N.E.2d 116. Where the legislature has, however, failed to provide a statutory remedy of appeal which is sufficiently broad, the court will grant such a review. *Mann v. City of Terre Haute* (1960), 240 Ind. 245, 163 N.E.2d 577. A litigant is entitled to judicial review of an administrative action taken by a board notwithstanding the failure of the legislature to so provide. *Dortch v. Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25, 47–48. In such a review, the court will not look to substitute its opinion for that of the board, but rather, it will review the proceedings so as to determine whether the procedural requirements have been followed. *Mann, supra.*

Clearly, the legislature provided a statutory appeal mechanism to challenge the amount of an assessment; it did not formulate an appeal process directed to alleged defects in the statutory proceedings which validate the assessments. If the Farm's declaratory judgment action could have been interpreted as an appeal of the amount of the assessment, then IC 1971, 19–2–7–13 and IC 1971, 18–5–17–1 (now repealed) would have applied. The court, then would not have had the jurisdiction to hear the matter. The Farm's action, however, was based upon alleged defects in the proceedings and the court, therefore, properly had jurisdiction, pursuant to IC 1971, 34–4–10–1, to hear it."

*Brooksfield Farm, supra,* at 307.

■ IND. CODE 36–7–4–223 is a part of Public Law 309, enacted in 1981, which also includes IND. CODE 36–7–3–12 and 13. All of Public Law 309, codified under Article 7 [IND. CODE 36–7–1–1—36–7–20–5] is devoted to planning and development. Vacation of public ways in an integral part of planning and development; therefore, IND. CODE 36–7–4–223 is applicable. *See also* IND. CODE 36–7–5–1, IND. CODE 36–7–5–3, IND. CODE 36–7–5–4, IND. CODE 36–7–5–9, and IND. CODE 36–7–4–406, for thoroughfare planning powers, including vacation of public ways. The city does not argue the contrary.

Instead, the City's primary argument to support the trial court's decision follows. IND. CODE 36–7–3–12(f) requires the trial court, on appeal from the council's action, to try the alley vacation petition de novo. The court having so complied, any procedural improprieties are academic and devoid of consequences. There is no need to consider the prior superseded proceedings, but only the merits of the alley vacation proceeding as it was developed in trial court. We disagree.

The term "de novo" in statutes granting judicial review of administrative or legislative proceedings has seldom been construed exactly as the City contends. The case of *City of Indianapolis v. Nickel, et al.*, (1975) 165 Ind.App. 250, 331 N.E.2d 760, was an appeal for judicial review of an

action of the Board of Sanitary Commissioners. Called into account was former IND. CODE 18-5-17-4, the ancestor to IND. CODE 34-4-17.5-4, which contained nearly identical language to the effect that the court shall try de novo the decision of such board or common council. Quoting from *Uhlir v. Ritz*, (1970) 255 Ind. 342, 264 N.E.2d 312, the court said:

"It is the term 'de novo' which must concern us. While in the usual sense of that phrase one might envisage a complete retrial of the issues involved, our constitutional relationship with the other branches of government precludes such a review. Our legislature is aware of our duty and its scope and we will not attach to its language the innuendo that it wishes our courts to exceed the bounds of proper re-examination...

\*　\*　\*　\*　\*　\*

By reviewing and weighing the evidence anew, without granting weight to the findings of the hearing commissioner, the court in effect made a nullity of the administrative fact finding efforts. This was error; the court was not to determine if in its judgment the finding was reasonable, but rather it was to determine if the findings of fact were capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence. 'In making its decision, the court was entitled to hear and weigh the evidence against a standard of administrative discretion validly employed, but it could not simply substitute its judgment for that of the administrative body'."

*Nickel, supra*, 331 N.E.2d at 769.

The court further stated that the remonstrating party had the burden of convincing the board at its hearing, as well as convincing the court on judicial review, that the assessment was capricious, arbitrary or an abuse of discretion.

The cases of *City of Indianapolis v. Ingram*, (1978) 176 Ind.App. 645, 377 N.E.2d 877 and *City of Mishawaka v. Stewart*, (1974) 261 Ind. 670, 310 N.E.2d 65, construed the police discipline statute, IND. CODE 18-1-11-3, which required a

de novo hearing. Those cases held that the term "de novo" means:

"... not that the issues at the hearing before the board are heard and determined anew, but rather that new issues are formed and determined. [Citations omitted]. A reviewing court also may consider whether this was substantial evidence to support the finding or order of the administrative body. The scope of judicial review of administrative agencies is limited. [Citations omitted]. A court may also determine whether or not an action constitutes an abuse of discretion, and is arbitrary and capricious, as revealed by the uncontradicted facts." [Citations omitted].

*Ingram, supra*, 377 N.E.2d at 882-83.

■■■ The trial court in the present case committed error when it re-heard evidence and re-decided the vacation petition. This decision is for the council. As required, there was no evidence transcripted to trial court for review. The statute, by use of the word "may" in IND. CODE 36-7-3-12(e) confers discretionary authority on the legislative body. Therefore, any conflict of interest contemplated by IND. CODE 36-7-4-223 is relevant to the council's decision.

■■ The City next contends that Remonstrators waived the issue by failing to raise it before the council. City's only authority applicable to waiver on appeal is for failure to raise the question in trial court. We first note no error existed until the council voted. Further, we do not know the time the knowledge of possible conflict of interest was acquired by Remonstrators. In *Fail v. LaPorte County Board of Zoning Appeals*, (1976) 171 Ind.App. 192, 355 N.E.2d 455, hereafter discussed, and *Brooksfield, supra*, where no objection was made before the administrative body, that fact was not fatal. However, the issue did not seem to have been litigated.

■■ Thirdly, the City argues that the trial record does not reflect any conflict of interest. Clearly Remonstrators were not permitted to litigate this fact, which is the alleged error. In *Fail, supra*, the question concerned a conflict of interest of a mem-

ber of the Zoning Board in board action on a variance. The alleged conflict of interest was machinery sold by the board member to a litigant. The question was not raised before the board but was raised in Circuit Court on appeal. The court held:

> "Fail, citing *Zell v. Borough of Roseland* (1956), 42 N.J.Super. 75, 125 A.2d 890, argues that it is unnecessary to establish that the prohibited interest actually affected the member's vote. While we agree, that conclusion does not answer the question of whether a prohibited conflict of interest has been shown to exist. The existence of such an interest is generally acknowledged to be a question of fact. *See* 82 Am.Jur.2d, *Zoning & Planning*, Sec. 65, at 490; Anno.: 10 A.L.R.3d 694. Thus, in reaching its determination upon the facts, the trial court is not limited to ascertaining whether a party has actually exercised improper influence. The court may find a conflict of interest upon a consideration of whether the situation is one reasonably calculated to weaken public confidence and undermine the public's sense of security for the protection of individual rights in the exercise of zoning authority. *Josephson v. Planning Board of Stamford* (1964), 151 Conn. 489, 199 A.2d 690, 10 A.L.R.3d 687.
> Yet in appealing from an adverse determination, Fail is appealing from a negative judgment on this issue. From the facts as recited, we cannot say there was but one conclusion a reasonable mind would reach, and that it was contrary to that reached by the trial court. We therefore find no error in the court's determination that board member Blint was not disqualified from participating in the decision."

*Fail, supra,* at 196, 355 N.E.2d 455.

In summary, we note that under the authority of *Brooksfield,* IND. CODE 36-7-3-13 is not broad enough to include rights conferred by IND. CODE 36-7-4-223 to an impartial trier, and Remonstrators are entitled to a review outside IND. CODE 36-7-3-12(f). The proceeding is not a trial de novo and the error was not superceded and cured. Conflict of interest

under *Fail, supra,* is a factual determination and is a matter for consideration by the trial court. We note in passing that in proceedings before administrative bodies, adequate record of the evidence and other proceedings are necessary so that it may be transcribed to trial court for review. This was not done. However, other than conflict of interest, Remonstrators have preserved nothing concerning the merits of the petition.

This cause is remanded and the trial court is directed to conduct a hearing on the issue of conflict of interest of councilmen Law and Glascock. In the event that the trial court finds a conflict of interest on the part of either or both of such councilmen, it is directed to remand the case to the City Council, and the City Council is ordered to conduct a new hearing on the petition in which any councilman adjudged to have a conflict of interest shall not participate. If the court finds no conflict of interest, then it is directed to affirm the action of the City Council.

Judgment reversed and remanded.

ROBERTSON and RATLIFF, JJ., concur.